# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILLIAM FRED CLARK,

      Plaintiff,

v.   No. 2:25-cv-0222 KRS/DLM

SHAWNA COLEMAN and
NOVA MD, INC.,

      Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court sua sponte. Plaintiff filed this action on March 4, 2025, citing diversity jurisdiction. (Doc. 1 ¶ 8.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered Plaintiff's complaint and the applicable law, the Court finds that the complaint fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff, as the "party invoking diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted).

Here, Plaintiff alleges that Defendant Nova Mud is "a New Mexico corporation. Its corporate headquarters are in Hobbs, New Mexico." (Doc. 1 ¶ 4.) A corporation's citizenship is determined by its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff alleges that Defendant is a New Mexico corporation but fails to affirmatively allege its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (concluding that the principal place of business is the nerve center of a corporation, not simply a main office where its board meetings are held).

The Complaint also asserts that the individual defendants are "residents" of New Mexico. (Doc. 1 ¶¶ 4–8.) "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Thus, there are insufficient facts to establish the individual defendants' citizenship. Thus, Plaintiff fails to assert facts sufficient to establish Defendant's citizenship.

**IT IS THEREFORE ORDERED** that Plaintiff shall file an amended Complaint to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11. Additionally, Plaintiff lists Defendant's name in the Complaint as Nova Mud, Inc., but it appears in the caption shown on CM/ECF as Nova MD, Inc. Plaintiff shall correct Defendant's name to appear correctly in both places.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE