**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM FRED CLARK,

       Plaintiff,

v.                                                                      No. 2:25-cv-0222 DHU/DLM

SHAWNA COLEMAN, NOVA MUD, INC.,
and NOVA TRUCKING, LLC,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Nova Mud, Inc. and Nova Trucking, LLC ("Nova Defendants") Motion for Plaintiff William Clark to Submit to a Federal Rule of Civil Procedure 35 Physical Examination. (Doc. 79.) The Nova Defendants ask that the Court require Plaintiff to submit to an Independent Medical Examination (IME) by their retained expert, Dr. Richard Kaplan, M.D., to be conducted in Plaintiff's home and to include a functional assessment and brief home tour. Having reviewed the parties' submissions, the applicable law, and the record, the Court concludes that the Nova Defendants have established good cause for a Rule 35 examination but have not demonstrated that Rule 35 authorizes, or that good cause supports, the requested in-home component. Accordingly, the motion is **GRANTED IN PART AND DENIED IN PART**.

### I.    Background

Plaintiff alleges he sustained serious injuries in a "motorcycle v. tractor-trailer collision" in Lea County, New Mexico. (*See* Doc. 70 ¶¶ 1, 40.) Plaintiff asserts that Defendant Shawna Coleman, while operating a tractor owned by Defendant Nova Mud and pulling a flatbed trailer, entered the intersection of U.S. 62/180 and NM-529 against a stop sign and into Plaintiff's lane of

travel, causing Plaintiff to collide with the rear of the trailer. (*Id.* ¶¶ 11–12, 22–27.) Plaintiff alleges he suffered multiple fractures and a traumatic brain injury as a result of the crash. (*Id.* ¶ 44.) He seeks damages for pain and suffering, loss of enjoyment of life, physical impairment, permanent disability, disfigurement, and past and future medical expenses. (*Id.* ¶ 74.)

On December 11, 2025, Plaintiff disclosed retained experts, including certified life care planner, Dr. Tanya Rutherford Owen, Ph.D. (*See* Doc. 79 ¶ 3 (citing Doc. 55).) Dr. Owen's life care plan, based on her review of medical records, consultations with treating providers and Plaintiff's other retained experts, and three interviews with Plaintiff, includes a September 30, 2025 Zoom interview during which Plaintiff provided a video tour of his home. (*Id.* ¶¶ 4, 6; *see also* Doc. 84 ¶¶ 2, 10.) Dr. Owen reports that Plaintiff lives alone in a one-story duplex in Albany, Oregon, is independent in all activities of daily living, drives, shops, cooks, and manages his personal hygiene without assistance, and does not use a wheelchair or receive paid attendant care. (*See* Doc. 79 ¶¶ 7–15 (citing Doc. 79-1 at 8–12, 16, 32–33).) Dr. Owen's life care plan totals $1,696,951.69, including a projected cost of $910,742.53 for assisted-living or residential care beginning in 2027. (*Id.* ¶¶ 5, 15 (citing Doc. 79-1 at 16, 32–33).)

The Nova Defendants disclosed their own retained experts on January 26, 2026, including physiatrist and certified life care planner Dr. Richard Kaplan. (*Id.* ¶¶ 18–20 (citing Docs. 64–65).) Dr. Kaplan issued a preliminary rebuttal report stating he could not provide full opinions without examining Plaintiff, either via telemedicine or in person, and noting that a substantial portion of the projected costs in Dr. Owen's plan relate to the assisted-living recommendation. (*See id.* ¶¶ 21–23 (quoting Docs. 79-2 at 6; 79-3 at 3).) The Nova Defendants request that Plaintiff submit to an in-home Rule 35 examination so Dr. Kaplan can assess Plaintiff's functional abilities, independent-living capacity, and home environment. (*Id.* ¶¶ 17, 22–23.)

2

Plaintiff opposes the request, arguing that the Nova Defendants have not shown good cause for an in-person, in-home examination and that a Zoom interview would be sufficient, as Dr. Owen used the same method. (*See* Doc. 84 ¶¶ 1–3.) Plaintiff asserts that requiring an in-home examination would impose an undue burden, particularly given his traumatic brain injury and cognitive deficits. (*Id.* ¶¶ 8–14; *see also* Doc. 94 ¶¶ 2–3.) Plaintiff further contends that the Nova Defendants' request for a "brief tour" of his home constitutes an improper attempt to obtain a property inspection under Rule 34 rather than a physical examination under Rule 35. (*See* Doc. 84 ¶ 12; *see also* Doc. 94 ¶¶ 6–9.)

In reply, the Nova Defendants rely on Dr. Owen's March 30, 2026 deposition testimony, asserting that her remote interviews were limited, that she performed no physical examination or testing, and that Plaintiff was difficult to interview due to cognitive issues. (*See* Doc. 92 ¶¶ 2–3 (citing Doc. 92-1).) Defendants argue that these limitations demonstrate the need for an independent, contemporaneous assessment. (*See id.* at 3–5.)

## II.    Legal Standard

Federal Rule of Civil Procedure 35 authorizes a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order "may be made only on motion for good cause" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A)–(B).

A party seeking a Rule 35 examination must "affirmatively demonstrate" both that the condition is "in controversy" and that "good cause" exists for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117–18 (1964). In a negligence action, however, a plaintiff who alleges

physical injury "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119; *see also Lopez v. Singh*, No. 1:22-cv-0036 JCH/SCY, 2023 WL 402024, at *1 (D.N.M. Jan. 25, 2023) (citation omitted) (finding good cause for a Rule 35 IME "because Plaintiff claims personal injury damages resulting from a car accident." ).

### III.    Discussion

Plaintiff does not dispute that he has put his physical condition "in controversy." (*See* Doc. 84 ¶ 1.) Instead, he argues that "[Nova] Defendants have failed to establish 'good cause' for requiring Plaintiff to endure an in-person physical examination by a defense life care planner inside Plaintiff's private residence." (*Id.*)

#### A.    Good cause exists for an IME

To begin, the Court finds that good cause exists under Rule 35 for an IME. Plaintiff alleges he suffered multiple fractures and a traumatic brain injury as a result of the March 15, 2022 collision, and he seeks damages for pain and suffering, loss of enjoyment of life, physical impairment, and future medical expenses. (*See* Doc. 70 ¶¶ 44, 74.) Because Plaintiff claims personal-injury damages resulting from a motor-vehicle collision, the Rule 35 "in controversy" and "good cause" requirements are satisfied. *See Schlagenhauf*, 379 U.S. at 119; *Lopez*, 2023 WL 402024, at *1.

Plaintiff cites *O'Sullivan v. Rivera* for the contention that good cause requires a "greater showing of need than relevance." (*Id.* ¶ 6 (quoting *O'Sullivan v. Rivera*, 229 F.R.D. 184, 186 (D.N.M. 2004)).) In *O'Sullivan*, the defendants sought a physical examination to determine the extent to which the collision at issue aggravated the plaintiff's medical condition. *O'Sullivan*, 229 F.R.D. at 186. The court found good cause because a physical evaluation was necessary to determine the nature and extent of the plaintiff's injuries and whether the accident aggravated

4

pre-existing conditions. *Id.* The court also rejected the argument that defendants could rely solely on testimony or cross-examination of the plaintiff's expert, explaining that defendants were entitled to an opportunity "to rebut the reports of the plaintiff's expert." *Id.* at 186–87 (quoting *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 362 (D. Colo. 2004)).

The same reasoning applies here. Plaintiff seeks to recover for significant physical injuries, including a traumatic brain injury and multiple fractures, and has disclosed expert testimony addressing the nature, extent, and long-term consequences of those injuries. (*See* Doc. 70 ¶¶ 44, 74; Doc. 79 ¶¶ 3–6, 15.) As in *O'Sullivan*, the Nova Defendants are entitled to obtain their own independent evaluation of Plaintiff's current condition and functional limitations, rather than being limited to cross-examination of Plaintiff's experts or review of medical records. These considerations, together with Plaintiff's allegations and claimed damages, supports the Court's conclusion that good cause exists for an IME under Rule 35.

### B.    In-home IME and the scope of Rule 35

Having found that good cause exists for an IME generally, the Court turns to the parties' dispute over whether Rule 35 permits the in-home component of the requested examination. The Nova Defendants cite no authority authorizing an in-home IME, and Rule 35 itself does not expressly contemplate examinations conducted inside a litigant's private residence. Rather, courts applying Rule 35 have consistently understood the rule to authorize an examination of a person, not an inspection of property. In that vein, courts in this District have emphasized that Rule 35 examinations occur at the examiner's office because that is where the necessary facilities and equipment are located. *See Armijo v. Cardinal Logistics Mgmt. Corp.*, No. 1:23-cv-0573 DHU/LF, 2025 WL 48598, at *3 (D.N.M. Jan. 8, 2025) (citation omitted); *see also Roque v. Valdez*, No. 1:24-cv-1233 MLG/SCY, 2025 WL 2711915, at *2–3 (D.N.M. Sept. 23, 2025) (applying *Armijo* and ordering plaintiffs to travel over three hours to the examiner's office for an IME).

Although neither *Armijo* nor *Roque* involved a request for an in-home IME, both decisions reflect the settled understanding that Rule 35 examinations occur at the examiner's office, where the necessary facilities are located. This understanding is consistent with Rule 35's text, which authorizes an examination of a person and requires the Court to specify the "time, place, manner, conditions, and scope" of the examination, but contains no language suggesting that the rule authorizes compelled entry into a private residence. The Nova Defendants cite no authority—within this Circuit or elsewhere—extending Rule 35 to examinations conducted inside a litigant's home, and the Court is aware of none.

On this record, and absent authority in support of the Nova Defendants' position, the Court declines to interpret Rule 35 to authorize compelled entry into a private home for the proposed examination. This ruling is confined to the circumstances of this case and the showing made in the present motion. Because this conclusion resolves the issue, the Court need not decide whether the Nova Defendants' request would also constitute a Rule 34 inspection of property. The in-home component of the proposed examination is denied on this ground.

C.      **Conditions of the Examination**

The parties also dispute the conditions under which the Rule 35 examination should occur. The Nova Defendants request that Dr. Kaplan conduct the examination inside Plaintiff's home and that the examination include a functional assessment and a "brief tour" of the residence. (*See* Doc. 79 ¶ 17 & at 8–11.) They do not identify an alternative clinical location. Plaintiff opposes any in-person or in-home component, requests that the examination be conducted remotely if an IME is ordered at all, and alternatively seeks protective conditions including the presence of counsel, audio or video recording, and limits on questioning. (*See* Docs. 84 ¶¶ 1–3, 8–10, 15–18; 94 ¶¶ 2–9.)

Because the Court has denied the in-home component of the proposed examination, the IME shall occur in a clinical setting. *See Armijo*, 2025 WL 48598, at *3 (noting that the examiner's equipment and facilities are located at the examiner's office); *Roque*, 2025 WL 2711915, at *2–3 (ordering plaintiffs to travel to the examiner's office for an IME). As the Nova Defendants did not propose a clinical location in their motion, the Court will require the parties to confer and identify a mutually agreeable clinical setting where Dr. Kaplan can conduct the examination.

### 1.    Presence of Counsel and Recording

Plaintiff requests that the examination be audio or video-recorded. (Doc. 84 ¶ 17.) The Nova Defendants state they are willing to permit recording by a professional third-party vendor and to allow Plaintiff's counsel to attend so long as counsel does not intervene. (*See* Doc. 92 at 8.) The Court considers these requests under the governing Rule 35 framework.

Courts in this District have repeatedly held that the presence of counsel or recording devices at an IME is disfavored absent special circumstances. *See Armijo*, 2025 WL 48598, at *4; *Gorbani v. Gonzalez*, No. 1:25-cv-0413, 2026 WL 881464, at *2 (D.N.M. Mar. 31, 2026); *Pepe v. Casa Blanca Inn & Suites, LLC*, No. 1:18-cv-0476 JCH/JFR, 2019 WL 10960399, at *2 (D.N.M. July 11, 2019). In *Pepe v. Casa Blanca Inn & Suites*, the court addressed requests to allow the presence of counsel or video recording at an IME and denied the request, having found that Plaintiff failed to allege any special circumstances. *See Pepe*, 2019 WL 10960399, at *2. Similarly, in *Romero v. Bradford*, the court explained that videotaping, audio recording, and the presence of counsel each introduce a third-party element that risks converting a neutral medical evaluation into an adversarial proceeding. *See* No. 1:08-cv-1055 MCA/LFG, 2009 WL 10708259, at *3–4 (D.N.M. Apr. 30, 2009) (citations omitted). The rationale is that third-party presence or recording "changes the nature of the proceeding[,]" may inhibit candor, and is not contemplated by the text

7

of Rule 35. *See Armijo*, 2025 WL 48598, at *4 (quotation omitted); *Romero*, 2009 WL 10708259, at *3–4.

Courts have also recognized that cognitive impairments, mental health conditions, or low intellectual functioning may constitute special circumstances warranting recording of a Rule 35 examination, particularly where such limitations raise doubt about the examinee's ability to recall or accurately report the events of the examination. *See Schaeffer v. Sequoyah Trading & Transp.*, 273 F.R.D. 662, 664 (D. Kan. 2011) (permitting recording where plaintiff's mental health history and low IQ created concern he could not recount the exam); *Hatchett v. United Parcel Serv., Inc.*, No. 2:13-cv-1183 MCA/SMV, 2014 WL 12789702, at *3 (D.N.M. July 18, 2014) (recognizing that courts allow recording when cognitive limitations impair the plaintiff's ability to assist counsel in understanding what occurred).

Indeed, Plaintiff identifies cognitive deficits and memory limitations as reasons to permit recording or counsel's presence. (Doc. 84 ¶¶ 8–14.) Plaintiff's traumatic brain injury, cognitive impairments, and memory limitations affect his ability to retain and recount information, raising a concrete risk that he will be unable to accurately describe what occurred during the examination without an objective record. (*See id.* ¶¶ 8–14.) Unlike in *Pepe* and *Romero*, where the plaintiffs identified no special circumstances, these impairments constitute the type of special circumstance recognized in *Schaeffer* and *Hatchett*.

Even with these special circumstances, the Court considers the full record in determining whether recording is appropriate in this instance. The record contains no indication that Plaintiff's life-care planner's evaluation was recorded, and nothing in the record suggests that Plaintiff's counsel raised concerns at that time about Plaintiff's ability to recount what occurred during that interaction. It likewise does not appear that Plaintiff requested recording for that evaluation or that

8

his expert relied on any recording in forming her opinions. This undermines the assertion that recording is necessary to ensure fairness in the present Rule 35 examination.

Although the Nova Defendants express a willingness to allow counsel's presence, party consent does not alter the Court's obligation to ensure that the Rule 35 examination remains a neutral medical evaluation. Consistent with the weight of authority in this District, the Court concludes that counsel may not attend the examination and that recording is inappropriate. Permitting recording in this instance would introduce a third-party element that risks undermining the neutrality of the examination. Despite Plaintiff's cognitive limitations, the Court determines that recording is not warranted here. Consistent with the neutrality concerns articulated in *Armijo*, *Pepe*, and *Romero*, and given the absence of any prior recording of Plaintiff's expert's Zoom-based evaluation, the Court therefore declines to permit audio or video recording.

### 2. Scope and Report of the Examination

Plaintiff requests that the Court impose several limits on the scope of the examination, including a three-hour time limit, a prohibition on invasive procedures, and restrictions on liability-related questioning. (*See* Doc. 84 ¶¶ 16, 18.) Rule 35 requires the Court to specify the "time, place, manner, conditions, and scope" of the examination. Fed. R. Civ. P. 35(a)(2)(B). The Nova Defendants do not oppose a three-hour limit, a non-invasive examination, or the preparation of a written report under Rule 35(b). (*See* Docs. 79 at 10; 92 at 8.)

The Court will adopt the stipulated three-hour limit and the parties' agreement that the examination be non-invasive.

Consistent with *Armijo* and *Roque*, the Court declines to impose advance limits on the questions Dr. Kaplan may ask. *Armijo* explains that the examiner "must be permitted to take the party's history and to ask such other questions that will enable him or her to formulate an intelligent opinion concerning the nature and extent of the party's injuries." *Armijo*, 2025 WL 48598, at *4

(quotation omitted). At the same time, the court cautioned that the examiner should not ask questions designed merely to obtain admissions bearing on liability, and that any improper questioning may be addressed through exclusion at trial. *Id. Roque* likewise emphasizes that concerns about the scope or weight of an IME are properly addressed through motions to exclude, cross-examination, and argument to the factfinder—not through pre-emptive limitations on the examination itself. *See Roque*, 2025 WL 2711915, at *2.

Accordingly, Dr. Kaplan may take Plaintiff's medical history and ask questions necessary to form medical opinions. The Court does not impose advance limits on the content of the questioning, but notes that questions aimed solely at eliciting liability admissions may be addressed through later evidentiary motions. Nothing in this Order prevents the parties from mutually agreeing to additional limits on questioning.

Finally, the Nova Defendants must adhere to Rule 35's requirements that the physician conducting the IME create a written report "detail[ing] the examiner's findings, including diagnoses, conclusions, and the results of any tests," and must "deliver to the requester a copy of the examiner's report." Fed. R. Civ. P. 35(b)(1)–(2). The parties shall confer and agree on a reasonable date for delivery of the report.

## IV.    Conclusion

**IT IS THEREFORE ORDERED** that Defendants Nova Mud, Inc. and Nova Trucking, LLC's Motion for Plaintiff William Clark to Submit to a Rule 35 Physical Examination (Doc. 79) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent it seeks an IME under Rule 35 and denied to the extent it seeks an in-home examination or inspection of Plaintiff's residence.

The IME shall be performed by Dr. Richard S. Kaplan, M.D., occur in a clinical setting,

10

shall be non-invasive, shall not exceed three hours, and shall be conducted under the conditions set forth in this Order. Counsel may not attend, and recording is not permitted. The parties shall confer in good faith to identify a mutually agreeable clinical location and to set a reasonable date for delivery of Dr. Kaplan's report. In the alternative, if the parties mutually agree to conduct the examination via a remote video call, they may do so.

**IT IS SO ORDERED**.

_____

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE